UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CHIOFAR GUMMO BEAR,

Plaintiff,

v.

LARRY R. GARRETT,

Defendant.

CASE NO. C13-5102 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

This matter comes before the Court on Plaintiff Micheal Chiofar Gummo Bear's ("Mr. Bear") Application to Proceed In Forma Pauperis (Dkt. 1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

In his complaint, Mr. Bear alleges that Defendant Larry R. Garrett ("Mr. Garrett") has violated his constitutional rights under the Fifth and Fourteenth Amendments and therefore brings this action for violations of his civil rights pursuant to 42 U.S.C. § 1983. Dkt. 1-1. Mr. Bear claims that Mr. Garret, who is apparently an attorney, was his court-appointed guardian ad litem in connection with certain legal matters. *See* Dkt. 1-1. Mr. Bear alleges that Mr. Garrett's apparent life-time appointment as guardian ad litem

ORDER - 1

violated Washington state law. Dkt. 1-1 at 2. He also alleges in part that Mr. Garrett urged the Thurston County Superior Court to dismiss Mr. Bear's appeal from an Office of Administrative Hearings determination without making a meaningful review of Mr. Bear's case or consulting with either him or "his representative." *Id*. at 2-3. Mr. Bear claims that Mr. Garrett "withheld approval of an appeal of the judgment which wrongfully ended his case." *Id*. He further alleges that Mr. Garrett violated certain Rules of Professional Conduct in connection with Mr. Bear's appeal to the Ninth Circuit. *Id.* at 3. In doing the aforementioned, Mr. Bear argues that Mr. Garrett violated his right to access to the courts and caused him to be deprived of his Fifth and Fourteenth amendment rights. *Id*. at 4.

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–308 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A court-appointed guardian ad litem is not a state actor such that he or she is subject to liability under 42 U.S.C. § 1983. *Kirtley v. Rainey*, 326 F.3d 1088, 1092-1096

(9th Cir. 2003). Therefore, Mr. Bear has not stated a claim upon which relief can be granted[1].

It is hereby **ORDERED** that Mr. Bear's Application to Proceed In Forma Pauperis (Dkt. 1-1) is **DENIED as moot** and the action is **DISMISSED with prejudice.**

Dated this 14th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge

---

[1] An additional basis for dismissal in this case is that Mr. Bear's complaint indicates that he is represented by Richard Lennstrom, who holds durable power of attorney and has signed the complaint. Dkt. 1-1 at 1 and 5. The complaint also lists Mr. Lennstrom as a party to the action, but he is not included in the caption as a plaintiff. *Id.* In the United States District Court for the Western District of Washington, a plaintiff may represent himself, proceeding pro se, or he may be represented by a licensed attorney. A person holding only durable power of attorney does not qualify as an attorney at law.